SAMUEL G. McCATHRON, PLAINTIFF IN ERROR, V. JOHN G. McCATHRON ET AL., DEFENDANTS IN ERROR.

1.  **A Bill of Exceptions,** though agreed to by the attorneys of both parties by stipulation, unless settled and signed by the judge or clerk, will be quashed on motion.

2.  **Practice in Supreme Court.**   Where the only objection to the judgment is, that the verdict is not sustained by the evidence, and for any cause the bill of exceptions be quashed or stricken from the files, the judgment will be affirmed.

ERROR to the district court for Merrick county.    Tried below before GEORGE W. POST, J.

*O. A. Abbott, A. L. Renoehl* and *J. Patterson,* for plaintiff in error.

*W. H. Webster,* for defendants in error.

COBB, J.

This case comes up on motion of the defendants in error to quash the bill of exceptions for the reason that the same had not been allowed or signed by either the judge or clerk of the trial court.

Upon examination of the record it appears that although there is a stipulation signed by the attorneys on either side agreeing upon the bill of exceptions, yet it does not appear that it was ever presented either to the judge or clerk, and certainly it bears the signature of neither of them.

The statute, sec. 311, civil code, provides for the presentation to and settlement and allowance by the trial judge of bills of exceptions, the time in which the same must be presented, etc., and continues as follows: " In case of the death of the judge, or when it is shown by affidavit that the judge is prevented by sickness or absence from his district, as well as in cases where the parties interested shall agree upon the bill of exceptions (and shall have attached a written stipulation to that effect to the bill), it shall be the duty of the clerk to settle and sign the bill in the same manner as the judge is by this act required to do; and shall thereupon be filed with the papers in the case, and have the same force and effect as though signed by the court."

These provisions are very liberal, and it seems that they might be complied with by any party desiring to bring his cause into this court for review. But when there is a manifest failure to comply with their plain requirements and the point is made and insisted upon by the opposite party, nothing remains for this court but to decide accordingly. Upon the announcement of such decision by the court, and the bill of exceptions being quashed, the cause was submitted generally.

Upon examining the record I find that no point is made which can be considered in the absence of a bill of exceptions; the only substantial point being that "the verdict is not sustained by sufficient evidence." The judgment of the district court must therefore be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.